UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HELGA K. SANTOS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. C07-05206 RJB

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the court on defendant's motion for summary judgment. Dkt. 28. The court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL AND FACTUAL BACKGROUND

The plaintiff alleges that on March 29, 2006, she traveled from her home in Graham, Washington, to Berlin, Germany because her sister had passed away there. Dkt. 20 at 2. The plaintiff alleges that she brought multiple sets of fragile heirloom china back to the United States with her. *Id.* Because she was concerned that the china could be damaged during transit, the plaintiff carefully wrapped the china in "silk paper, newspaper, and bubble wrap." *Id.* She also allegedly layered the china in between her clothes in her suitcases. *Id.* On April 11, 2006, she arrived back in the United States. *Id.* The plane upon which the plaintiff was traveling stopped in Portland, Oregon, where the plaintiff went through customs. Dkt. 29, Exhibit A at 24-25. The plaintiff then continued her travels and landed in Seattle, Washington, where she picked up her luggage. *Id.* The plaintiff alleges that she "found that all but three packages of china were

ORDER
Page - 1

completely opened and that the china was shattered. Dkt. 20 at 2-3. She allegedly also discovered that a new sweater, valued at approximately $140, was missing. *Id.* at 3. The plaintiff also alleges that TSA inspection notices were in her suitcases. *Id.*

The plaintiff filed an administrative claim with the Transportation Security Administration (TSA) and the TSA denied the plaintiff's claim on October 27, 2006. See Dkt. 3, Exhibit at 9. The TSA's reason for denying the claim was that the plaintiff could not provide proof of ownership/valuation for the china. *Id.* The TSA notified the plaintiff that she could file suit in United States District Court within six months after October 27, 2006. *Id.* The plaintiff timely filed a motion to proceed in forma pauperis on April 26, 2007, which was granted. Dkt. 1 & 2. The plaintiff filed this action on May 3, 2007 (Dkt. 3), filed an amended complaint on June 23, 2007 (Dkt. 10), and a second amended complaint on December 3, 2007 (Dkt. 20).

The plaintiff specifically requests the following relief: (1) judgment in an amount to be determined but not less than $10,000, the alleged fair market value of the china; (2) prejudgment interest from the date of loss, April 11, 2006; (3) postjudgment interest; (4) compensation for the plaintiff's emotional distress; and (5) attorney's fees. Dkt. 20 at 3. The plaintiff alleges that she has suffered "emotional distress, demonstrated by depression, sadness, loss of sleep, and extreme frustration." *Id.*

## MOTION FOR SUMMARY JUDGMENT

On March 14, 2008, the defendant filed a motion for summary judgment under Fed.R.Civ.P. 56(e). Dkt. 28. The defendant contends that the plaintiff's claims should be dismissed because she cannot carry her burden of establishing that TSA's actions were the cause of the broken china. Dkt. 28 at 1. In addition, the defendant argues that the plaintiff's emotional distress claim fails as a matter of law, because under Washington law, a party cannot recover emotional damages arising from the loss of property. Dkt. 28 at 2. Finally, the defendant contends that the plaintiff should not be permitted to recover in excess of $1646.99, the amount that she claimed during the administrative process. Dkt. 28 at 2.

The plaintiff filed a response to the defendant's motion for summary judgment on April 7, 2008. Dkt. 32. The plaintiff argues that the defendant's motion should be denied because questions of fact exist as to: (1) whether the TSA was negligent in screening the plaintiff's luggage; (2) whether the "abusive and negligent" treatment by agency employees during the claims process caused the plaintiff emotional distress;

and (3) whether newly discovered evidence establishes the increased value of her china. Dkt. 32. The defendant filed a reply on April 11, 2008. Dkt. 34.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

# THE FEDERAL TORTS CLAIMS ACT (FTCA)

The United States may not be sued unless the government has waived its sovereign immunity. *Balser v. Dep't of Justice*, 327 F.3d 903, 907 (9th Cir.2003) (citing *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999)). The Federal Tort Claims Act (FTCA) is such a waiver, and it grants subject matter jurisdiction to federal courts for claims that arise from certain tortious conduct by government employees. *See* 28 U.S.C. §1346(b)(1). The FTCA waives sovereign immunity of the United States for tort claims, with some exceptions, in the same manner and to the same extent as a private individual. *See* 28 U.S.C. § 2674; 28 U.S.C. § 2680.

Under the terms of the FTCA, a claimant is required to present his administrative claim to the agency within two years after the claim accrues: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." *See* 28 U.S.C. § 2401(b); *see also Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). The administrative claim requirement is jurisdictional and may not be waived. *McGraw v. United States*, 281 F.3d 997, 1001 (9th Cir. 2002), *opinion amended and rehearing denied*, 298 F.3d 754 (9th Cir. 2002).

The liability of the United States is determined in accordance with state law, in the same manner and to the same extent as a private individual in like circumstances. 28 U.S.C. § 1346(b). Because the discovery of the incident which is the basis of this action occurred in Washington and the parties cite Washington law, the substantive law of Washington should apply. *Richards v. United States*, 369 U.S. 1, 11 (1961); *Taylor v. United States*, 821 F.2d 1428, 1431-1432 (9th Cir. 1987), *cert. denied*, 485 U.S. 992 (1988).

## DISCUSSION

**1. The Plaintiff's Negligence Claim**

The plaintiff must prove, by a preponderance of the evidence, that TSA is responsible for the damage to the plaintiff's china. *See Whitchurch v. McBride*, 63 Wash. App. 272, 275, 818 P.2d 622, 624 (1991). That burden requires the plaintiff to prove that it is more probably true than not true that TSA's actions were the cause of her broken china.

The plaintiff alleges that there are material facts regarding TSA's negligence that prevent summary

judgment. Dkt. 32 at 3. The plaintiff states that she will be able to meet her burden by convincing the fact finder that "TSA more probably than not unwrapped her pieces of china for the purposes of inspection, failed to make any effort to rewrap the pieces, placed its placard on top of the china pieces, rezipped her luggage, and sent it on its way." *Id.*

The defendant contends that the plaintiff cannot carry her burden of establishing that TSA's actions were the cause of the broken china, and therefore, her claims should be dismissed. Dkt. 28 at 1. The defendant also argues that the plaintiff's case is founded upon speculation that TSA was the cause of damage to her china, and that a verdict cannot be founded on speculation. Dkt. 28 at 5.

Considering the facts in a light most favorable to the plaintiff as is required by Fed.R.Civ.P. 56, there are issues of material fact as to whether TSA caused damage to the contents of the plaintiff's checked luggage. At some time TSA had control over the plaintiff's luggage while the baggage was inspected in Portland, Oregon. Dkt. 29, Exhibit A at 24-25. TSA did inspect the plaintiff's luggage at that time, as is evidenced by the TSA notices of inspection allegedly found in her luggage. Dkt. 20 at 3.

The luggage also passed through various hands from the time the plaintiff checked her baggage with the airline in Berlin, Germany, and the time she claimed her luggage from the conveyor belt in Seattle, Washington. Dkt. 29, Exhibit A at 23-27. While the plaintiff's claim cannot be based on speculation, *Schmidt v. Pioneer United Dairies*, 60 Wash. 2d 271, 276, 373 P.2d 764, 767 (1962), there remain issues of fact as to what probably happened, and whether TSA caused the damage to the contents of her luggage. As a result, the court should deny the defendant's motion for summary judgment as to this claim.

**2. The Plaintiff's Emotional Distress Claim**

The plaintiff alleges that during the administrative claim process with defendant TSA, she suffered "emotional distress, demonstrated by depression, sadness, loss of sleep, and extreme frustration." Dkt. 20 at 3. The defendant contends that the plaintiff's emotional distress claim fails as a matter of law, because under Washington law, a party cannot recover emotional distress damages arising from the loss of property. Dkt. 28 at 2. The defendant also argues that because this claim was not presented during the administrative process, the plaintiff may not assert the claim now. Dkt. 34 at 3. In her response to the defendant's motion for summary judgment, the plaintiff states that "her emotional distress was not caused

by her property loss but by the abusive and negligent treatment by agency employees during the claims process." Dkt. 32 at 5.

During the administrative process, the plaintiff sought compensation for broken china. See Dkt. 3, Exhibit at 9. The plaintiff did not bring a claim for emotional distress during the administrative process. A claim brought under the FTCA may not be asserted unless it was "first presented to the appropriate federal agency and either finally denied or permitted to languish for six months without resolution." *Spawr v. United States*, 796 F.2d 279, 280 (9th Cir. 1986). "This claim requirement is jurisdictional...and may not be waived." *Id.* Therefore, her claim has not been properly exhausted. The plaintiff's claim for emotional distress allegedly caused by the treatment she received from TSA employees should be dismissed without prejudice.

**3. Limitations on the Amount of Recovery**

The defendant argues that the plaintiff should not be permitted to recover in excess of $1646.99, the amount that she claimed the china was worth during the administrative process. Dkt. 28 at 2. In her response to the defendant's motion for summary judgment, the plaintiff alleges that newly discovered evidence proves the increased value of her china. Dkt. 32 at 5-6. According to the Declaration of Paula T. Olson, the plaintiff's attorney, the plaintiff was unaware of professional appraisers during the administrative process and could not pay the cost of an appraisal. Dkt. 33 at 2. The cost of a professional appraisal was paid by the law firm, which showed that the plaintiff's china was "worth $258.01 more than was stated in [the plaintiff's] administrative claim." Dkt. 32 at 6.

The plaintiff argues that these circumstances meet the requirements for newly discovered evidence because the value of the china was not reasonably discoverable at the time the plaintiff filed her administrative claim. Dkt. 32 at 6. The defendant, however, asserts that the appraisal does not constitute newly discovered evidence because the plaintiff could have had the appraisal conducted during the administrative process. Dkt. 28 at 6.

Pursuant to the Federal Torts Claim Act (FTCA), a claimant may not seek more damages in a lawsuit than was set forth in an administrative claim. 28 U.S.C. § 2675(b). However, there is an exception to this in cases "where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim." *Id.* The value of the plaintiff's china was reasonably

1  discoverable at the time the plaintiff presented the claim during the administrative process.  The plaintiff
2  could have researched the value of the china in any number of ways, or arranged for a professional
3  appraisal during the claims process.  Lack of funds to investigate does not mean that facts relating to the
4  value of the china were "not reasonably discoverable."

5  Therefore, the professional appraisal does not constitute newly discovered evidence and does not
6  provide an exception to the requirements of the FTCA.  28 U.S.C. § 2675(b).  The plaintiff's claim is
7  limited to the amount of her claim during the administrative process.

8  Therefore, it is hereby

9  **ORDERED** that the defendant's motion for summary judgment (Dkt. 28) is **GRANTED IN**
10 **PART** and **DENIED IN PART.**  The defendant's motion for summary judgment regarding the plaintiff's
11 negligence claim is **DENIED,** and that claim may proceed.  The defendant's motion for summary judgment
12 regarding the plaintiff's claim for emotional distress allegedly caused by the treatment she received from
13 TSA employees **GRANTED**, and this claim is **DISMISSED** without **PREJUDICE**.  The plaintiff's claim
14 is limited to $1646.99, the amount that she claimed the china was worth during the administrative process.

15 The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
16 party appearing *pro se* at said party's last known address.

17 DATED this 14th day of April, 2008.

   ROBERT J. BRYAN
   United States District Judge